UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DYLAN JOHN EARICK,

    Plaintiff,

v.

ROBERT PICKELL,
CHRISTOPHER SWANSON,
MICHAEL TOCARCHICK,
JASON GOULD, TODD
LANNING, BRIAN MacMILLAN,
and GENESEE COUNTY,

    Defendants.
_____/

Case No. 1:23-cv-10032
District Judge Thomas L. Ludington
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION
TO DISMISS CASE FOR FAILURE TO PROSECUTE
OR ALTERNATIVELY
TO GRANT DEFENDANTS' MOTIONS TO DISMISS
AND FOR SUMMARY JUDGMENT (ECF Nos. 26, 27)**

I.    Introduction

This is a pretrial detainee civil rights case under 42 U.S.C. § 1983. Plaintiff Dylan John Earick (Earick) is suing the above-captioned defendants claiming violations of numerous constitutional rights. *See* ECF No. 1. All pretrial matters have been referred to the undersigned. (ECF No. 9).

Before the Court are defendants' motions to dismiss and for summary judgment. (ECF No. 26, 27). Earick was directed to file responses to these

1

motions by October 27, 2023. (ECF Nos. 28, 29). Earick did not file any responses and the time for doing so has passed.

As will be explained, it appears Earick has abandoned his case. As such, the undersigned RECOMMENDS dismissing this case for failure to prosecute.

Alternatively, because defendants have filed dispositive motions on the merits, the undersigned RECOMMENDS that defendants' motions to dismiss and for summary judgment be GRANTED. As explained below, Earick's claims are substantively similar to the claims raised by other *pro se* plaintiffs confined in the same jail during the relevant period, and those cases have since been dismissed on the merits.

## II.  Background

Earick is suing various current and former administrators of the Genesee County Sheriff's Department as well as the county itself. (ECF No. 1, PageID.2). Defendants describe the individual defendants as follows:

> Robert Pickell [(Pickell)] was the sheriff of Genesee County for twenty years. He retired in 2019 effective January 5, 2020. Chris Swanson [(Swanson)] was the undersheriff. He was initially appointed to fill out Pickell's term, then was elected sheriff. Michael Tocarchik [(Tocarchik)] is Swanson's undersheriff. At the time of the events complained of by [Earick], Jason Gould [(Gould)] was the jail administrator. He is now retired. Brian MacMillan [(MacMillan)] is an attorney for Genesee County. He works in the civil division, and is the [Freedom of Information Act (FOIA)] coordinator. Todd Lanning [(Lanning)] was a [l]ieutenant in the jail. He has retired.

(ECF No. 27, PageID.140 (internal record citation omitted)). Earick asserts claims

for violations of his rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments; violations of his rights under the Michigan constitution of 1963; the commission of the federal crimes of conspiracy under 18 U.S.C. § 241 and deprivation of constitutional rights under 18 U.S.C. § 242; violations of the Federal Wiretapping Act, 18 § U.S.C. §§ 2510-2523; and violations of various state statutes, including MCL 780.991(a)(2) and multiple subsections of MCL 750.539. (ECF No. 1, PageID.2-6).

Earick alleges that in 2017, the Genesee County Jail (the jail) upgraded its surveillance system and in doing so installed two new cameras with audio capability in an area known as the bubble where attorney-client consultations regularly occur. (*Id.*, PageID.3).  Recordings of consultations could be accessed by individuals making FOIA requests. (*Id.*).  Conversations between Earick, who was then a pretrial detainee, and his attorney were recorded beginning in or around October 2019 and continuing until at least February 2021. (*Id.*, PageID.5).  During this time, there were no meeting places available for private consultations. (*Id.*).  Additionally, there were no signs in the bubble alerting attorneys and clients that their conversations were being recorded. (*Id.*).

Defendants admit that due to the replacement of elevators in the jail there was a period "from approximately August 2019 through October 2020, there were times when the attorney/client conference rooms were not available on certain

3

floors.  Instead, attorneys chose to meet with their clients in the bubble.  At all times during these meetings, a deputy was present within hearing distance of these meetings." (ECF No. 27, PageID.144).

### III.   Failure to Prosecute

#### A.   Background

Since initiating this case on January 6, 2023, Earick has only submitted one other filing, (ECF No. 22), which was later determined to be a discovery response, (ECF No. 25).  A search for Earick on Michigan's Offender Tracking and Information System shows that he was paroled October 3, 2023.[1]  Since his release from prison, Earick has not provided the Court with his new address, despite being warned at the onset of this case that "[f]ailure to promptly notify the [C]ourt of a change in address or other contact information may result in the dismissal of your case." (ECF No. 7).  Additionally, the order requiring him to file a response to defendants' motions was returned as undeliverable with a note "No longer at MBP Prison." (ECF No. 31, PageID.476).

#### B.   Legal Standard

Under Federal Rule of Civil Procedure 41(b), a federal court may dismiss a claim for failure to prosecute or comply with an order on a motion by the

---

[1] https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=681676 (last visited on Mar. 28, 2024).

defendant. Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.* at 629-30. "[D]istrict courts possess broad discretion to sanction parties for failure to comply with procedural requirements." *Tetro v. Elliot Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)).

Further, "a district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* at 992. Eastern District of Michigan Local Rule 41.2 provides that "when it appears that . . . the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown."

### C. Application

When considering whether to dismiss a case for failure to prosecute, the district courts in this circuit must consider the following four factors:

(1) whether the party's failure is due to willfulness, bad faith, or fault;
(2) whether the adversary was prejudiced by the dismissed party's

conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  Here, on balance, these factors weigh in favor of dismissal.

As for the first factor, "it is not clear whether [Earick's] failure to prosecute is due to willfulness, bad faith or fault."  *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008).  In any event, defendants "cannot be expected to defend an action" that Earick has "apparently abandoned, not to mention the investment of time and resources expended to defend this case."  *Id.*  For these reasons, the first and second factors weigh in favor of dismissal.

Moreover, based on the warning given to Earick, the third factor also clearly weighs in favor of dismissal.  This Court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, and where defendants expended resources on an abandoned action and lesser sanctions would prove useless.  *See e.g.*, *Croton v. Recker*, No. 11–15433, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012).  Additionally, a Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address.  *See White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002)

(finding that a *pro se* prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Rogers v. Ryan*, No. 16-12735, 2017 WL 5150884, at *2 (E.D. Mich. Nov. 7, 2017) ("A Rule 41(b) dismissal is an appropriate sanction for a pro se litigant's failure to provide the court with information regarding his current address."). And as noted above, Earick was advised of the requirement to keep his address updated with the Court. (ECF No. 7).

Ultimately, given Earick's failure to update his address and respond to the instant motions as directed, the undersigned sees no utility in recommending lesser sanctions. Thus, taken together, these factors support dismissal for failure to prosecute particularly given Earick's "apparent abandonment of this case." *White*, 2008 WL 2216281, at *5.

### IV. Defendants' Motions

For the sake of completeness, and because defendants filed motions seeking dismissal on the merits, the undersigned will address the substance of the motions.

#### A. Legal Standards

##### 1. Motions to Dismiss

When deciding a motion under Federal Rule of Civil Procedure 12(b)(6) or 12(c), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605,

608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims

8

that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

2. Motions for Summary Judgment

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco*

*Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Earick is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

B.     Related Cases

As noted above, Earick is asserting claims for violations of his rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments; violations of his rights under the Michigan constitution of 1963; the commission of the federal crimes of conspiracy under 18 U.S.C. § 241 and deprivation of constitutional rights under 18 U.S.C. § 242; violations of the Federal Wiretap Act, 18 § U.S.C. §§ 2510-2523; and violations of various state statutes, including MCL 780.991(a)(2) and multiple subsections of MCL 750.539. (ECF No. 1, PageID.2-6). Other *pro se* plaintiffs have filed lawsuits in this Court raising the same or similar claims related to the common issue of their consultations with their attorneys in the bubble

10

being recorded without their knowledge. As will be explained, all of these cases have been dismissed following dispositive motion practice. Earick's case fares no better.

1. *Butler v. Pickell*, Case No. 21-10817 (Ludington, J. and Altman, M.J.)

On March 31, 2021, Anthony Michael Butler (Butler) and Earick filed a complaint naming Pickell, Swanson, Tocarchick, Gould, Genesee County Sheriff Department, and Genesee County as defendants. (ECF No. 1). Butler asserted claims under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments; violations of various state statutes, including MCL 780.991(a)(2) and multiple subsections of MCL 750.539. (ECF No. 1, PageID.2-6).

At the screening stage, the Honorable Thomas L. Ludington dismissed Genesee County Sheriff Department as a defendant and Earick as a plaintiff. (ECF No. 8, PageID.43-45). Earick was dismissed given the difficulties inherent with multiple plaintiff prisoner litigation, as demonstrated in that case by Earick's failure to file an application to proceed without the prepayment of fees and costs. (*Id.*, PageID.44-45). Following screening, the case was referred to the undersigned for all pretrial matters, (ECF No. 15).

Following service, the defendants jointly filed a motion to dismiss, seeking dismissal of all claims. (ECF No. 24). The undersigned issued a Report and Recommendation (R&R) recommending that the motion be granted in part and

11

denied in part, specifically it was recommended that

> The motion should be DENIED as to Butler's Sixth Amendment and Fourth Amendment claims brought under 42 U.S.C. § 1983;
>
> The motion should be GRANTED as to Butler's claims for injunctive relief;
>
> The motion should be GRANTED as to Butler's claims under Fourteenth and Fifth Amendment due process;
>
> The motion should be GRANTED as to Butler's claim under Fourteenth Amendment equal protection; and
>
> The motion should be GRANTED as to Butler's claims under the Michigan constitution and his state law statutory claim under M.C.L. § 750.539.

(ECF No. 32, PageID.179). The undersigned recommended dismissing most of Butler's claims for the following reasons:

- Dismissing Butler's request for injunctive relief, in relevant part, because a plaintiff cannot obtain dismissal of state criminal charges by filing a civil tort action in federal court;

- Dismissing Butler's due process claims under the Fifth and Fourteenth Amendments because his allegations implicated the Fourth and Sixth Amendments' explicit protections;

- Dismissing Butler's equal protection claim because he failed to plead that he was treated disparately and that he was a member of a protected class; and

- Dismissing Butler's state law claims because "there is no independent damages remedy against individual government employees for violations of the Michigan State Constitution" and there was no private right of action under M.C.L. § 750.539 because it is a criminal statute.

12

(*Id.*, PageID.188-197). Judge Ludington adopted the R&R over Butler's objections. (ECF No. 33).

Following the adoption of the R&R, the undersigned entered a scheduling order, (ECF No. 34), and the defendants moved for summary judgment on Butler's surviving claims before the dispositive motion deadline expired, (ECF No. 35). In a second R&R, the undersigned recommended granting summary judgment on Butler's remaining claims under the Fourth and Sixth Amendments. (ECF No. 39). As to Butler's Fourth Amendment claim, the undersigned found that, "[t]he obvious presence of the deputy in the bubble, which Butler acknowledges, is fatal to the claim that Butler had a reasonable expectation of privacy communicating with his attorney in the bubble." (*Id.*, PageID.366). As to Butler's Sixth Amendment claim, the undersigned concluded that while the recording of attorney-client consultations did impinge on inmates' Sixth Amendment rights, it was nonetheless valid because it was related to legitimate penological interests during a temporary construction projection. (*Id.*, PageID.355-362). Judge Ludington adopted the R&R and dismissed Butler's case with prejudice. (ECF No. 41)

 2.    *Earick v. MacMillian*, Case No. 21-10819 (Ludington, J. and Altman, M.J.)

Also on March 31, 2021, Earick, Butler, and Christopher D. Lumpkin (Lumpkin) filed a complaint naming MacMillian, David S. Leyton, Office of the Prosecuting Attorney, Lanning, Genesee County Sheriff Department, Genesee

13

County, and Deadrea Smith as defendants. (ECF No. 1). Earick, Butler, and Lumpkin asserted claims under the Fifth, Sixth, and Fourteenth Amendments and for violations of 18 U.S.C. §§ 241, 242, and 243 as well as violations of MCL 752.11 and multiple subsections of MCL 750.539. (*Id.*, PageID.3-4).

  Judge Ludington dismissed the complaint on screening. (ECF No. 7). He dismissed Office of the Prosecuting Attorney and Genesee County Sheriff Department as neither are entities that can be sued under § 1983. (*Id.*, PageID.52). The Sixth Amendment claims were dismissed because the plaintiffs did "not allege[ ] how they were prejudiced as a result of the alleged recording of telephone calls.[2] Indeed, they [did] not specifically allege[ ] that any of their own attorney-client conversations were among those turned over to [Dian] Wiltse." The claims for violations of 18 U.S.C. §§ 241, 242, and 243 were dismissed because they are criminal statutes that do not create private causes of action. (*Id.*, PageID.53-54). As for the claims under the Fifth and Fourteenth Amendments, Judge Ludington determined that they should be dismissed because the plaintiffs "fail[ed] to allege with any specificity what conduct allegedly violated these Amendments." (*Id.*, PageID.54). Judge Ludington declined to exercise supplemental jurisdiction over

---

[2] Although the opinion and order of dismissal references telephone calls, the undersigned reads the complaint as alleging that in-person attorney-client consultations were being recorded. In other words, the allegations appear to be the same as in the instant case.

14

the state law claims. (*Id.*, PageID.55).

3.   *Reed v. Swanson*, Case No. 21-11392 (Levy, J. and Morris, M.J.)

On June 7, 2021, David Allan Reed (Reed) and Anthony Wesley, Jr. (Wesley) filed a complaint naming Swanson and MacMillan as defendants. (ECF No. 1). Reed and Wesley asserted claims for violations of their rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments; violations of his rights under the Michigan constitution of 1963; violations of the Federal Wiretapping Act and other federal laws; and violations of various state statutes, including MCL 750.539(a) and MCL 780.991(2)(a). (*Id.*, PageID.5).

Following service, the Honorable Judith E. Levy referred the case for all pretrial matters to the Honorable Patricia T. Morris. (ECF No. 15). The defendants then jointly filed a motion to dismiss, seeking dismissal of all claims. (ECF No. 16). Magistrate Judge Morris issued an R&R in which she recommended "denying the motion as to [the p]laintiffs' Sixth Amendment claim against [ ] Swanson and the Michigan eavesdropping statute, and granting the motion as to all remaining claims." (ECF No. 27, PageID.163). Magistrate Judge Morris recommended dismissing most of the plaintiffs' claims for the following reasons:

- Dismissing the Fourth Amendment claim because the plaintiffs failed to allege any privacy interests beyond surveillance;

15

- Dismissing the Fifth Amendment due process claim because defendants were state rather than federal officials and dismissing the Fourteenth Amendment due process claim because other amendments explicitly covered the rights at issue;

- Dismissing claims asserted under criminal statutes because such statutes did not create a private cause of action; and

- Dismissing the state claims because the Michigan Constitution does not support lawsuits for damages against government employees and because the statutes cited did not create private causes of action.

(*Id.*, PageID.167-178).

Following the filing of objections, Judge Levy entered an opinion and order granting in part the objections and adopting in part the R&R. (ECF No. 32). Specifically, Judge Levy determined that the plaintiffs' claims under the Fourth Amendment and Federal Wiretap Act survived dismissal. (*Id.*, PageID.199-208, 217-218). Judge Levy also supplemented the R&R's discussion of the plaintiffs' First Amendment claim. (*Id.*, PageID.214-216). She explained that to "[t]o the extent [the p]laintiffs allege that [the d]efendants violated their First Amendment right to consult with an attorney or their First Amendment right of access to the courts, the R&R properly recommends dismissal" because the plaintiffs did not allege that they were denied an opportunity to consult with their attorneys nor did they allege any prejudice with regard to their access to the courts claim. (*Id.* (internal footnote omitted)).

Following Judge Levy's ruling on the R&R, Magistrate Judge Morris

entered a scheduling order, (ECF No. 33), and both Reed and the defendants moved for summary judgment for the surviving claims before the dispositive motion deadline expired, (ECF Nos. 40, 44).  In an R&R, Magistrate Judge Morris recommended granting summary judgment on the plaintiffs' remaining claims under the Fourth and Sixth Amendments and Federal Wiretap Act.  (ECF No. 50).  Magistrate Judge Morris relied on the reasoning in *Butler, supra*, when analyzing the Fourth and Sixth Amendment claims.  (*Id.*, PageID.591-592).  As to the wiretap claims under federal and state law, Magistrate Judge Morris reasoned that the defendants were exempt from liability under Sixth Circuit case law because both the plaintiffs and their attorneys "were given notice that the conversations in the bubble were monitored and recorded and an officer was present in the room." (*Id.*, PageID.592-593).  Judge Levy adopted the R&R over Reed's objections, (ECF No. 53), and dismissed the case with prejudice, (ECF No. 54).

### C.   Discussion

As outlined above, numerous individuals (including Earick himself) who were held as pretrial detainees at the Genesee County Jail while private attorney-client rooms were unavailable, have filed lawsuits about the recording of consultations that occurred in the bubble.  While as defendants in this and other related cases have accurately described the situation as "unfortunate," Earick like the plaintiffs in the other lawsuits, cannot prevail in a lawsuit under the facts as

17

they have been presented to the undersigned and other judges in this district. This is true regardless of how the claims are framed. Because Earick's claims in this case present nothing new, the undersigned reaffirms her decision in *Butler, supra*, and concurs in the sound reasoning of Judge Ludington, Judge Levy, and Magistrate Judge Morris in their consideration of the same and similar claims. Accordingly, Earick's claims cannot succeed on the merits and could all be dismissed under either defendants' motion to dismiss or motion for summary judgment.

V.  Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Earick's case be DISMISSED for failure to prosecute or alternatively that defendants' motions to dismiss and for summary judgment, (ECF Nos. 26, 27), be GRANTED. If either of these recommendations are adopted, this case would be DISMISSED.

Dated: April 2, 2024                              s/Kimberly G. Altman
Detroit, Michigan                                  KIMBERLY G. ALTMAN
                                                   United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of

appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 2, 2024.

                                           s/Carolyn Ciesla
                                           CAROLYN CIESLA
                                           Case Manager